JOHN KENNEY, PLAINTIFF, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, BODY CORPORATE, DEFENDANT.

For the plaintiff, *Leon E. Cone.*

For the defendant, *Maurice J. McKeown.*

LAWRENCE, C. C. J. This suit was submitted to me as trial judge at the Morris Circuit for determination on a stipulation of facts and the law applicable.

On April 12th, 1931, plaintiff was the owner of a certain automobile. One James Martin was the owner and operator of a certain other automobile. A collision occurred between them in the town of Morristown. On May 26th, 1931, plaintiff obtained a judgment against Martin in a County District Court for $300 to cover the damage to his car. This judgment was docketed in the office of the clerk of the Court of Common Pleas. An execution issued thereon out of that court and was returned unsatisfied. The amount due with costs at the time was $324.64.

On November 20th, 1930, it appears that Martin, the defendant in the judgment, had been arrested and convicted as a drunken driver, before a local magistrate. He appealed from this conviction, and on January 13th, 1931, the conviction was reversed by the Common Pleas judge. On his conviction, but whether before or after its reversal is not clear, he complied with the requirement of chapter 116, *Pamph. L.* 1929, *p.* 195, and caused to be filed with the motor vehicle commissioner proof of financial responsibility to answer in money damages for any future injury or tort caused by his operation of a motor vehicle. This consisted of a certificate signed by the defendant insurance company that on December 29th, 1930, it had issued to Martin a covering policy, effective for one year.

On March 31st, 1931, defendant gave written notice to Martin of its intention to cancel the policy for non-payment of the premium and demanded its return. He did so, and the claim is made that it was canceled as to him on April 2d, 1931, by virtue of its surrender with that intention. On April 7th, 1931, the company notified the motor vehicle commissioner that it would cancel the policy on April 16th, 1931. On that date, a certificate of cancellation with the policy attached was served on the commissioner.

On April 12th, 1931, the accident, alleged to have been due to the negligence of Martin, happened. After the recovery of the judgment, its docketing, and the issue of execution thereon, with the return unsatisfied, plaintiff demanded payment of the defendant as insurer, insisting that the policy in question had not been legally canceled until April 16th, 1931, and that it was therefore in effect at the time of the accident for the benefit of the public generally, including plaintiff, under the statute (*supra*).

Defendant contends that the subsequent reversal of Martin's conviction in the Common Pleas Court released him, *nunc pro tunc,* from the obligation to file proof of financial responsibility, pursuant to the provision of the act, and that the certificate of insurance by the company, even though filed before the reversal, was without legal effect for that reason.

It is accordingly urged that the policy issued should be regarded as of the ordinary type, and as having been effectually canceled as between it and the insured on April 2d, 1931, for non-payment of the premium. If this contention be sound, it is argued that the condition contained in section two of the statute to the effect that the policy therein contemplated should be non-cancellable except after ten days' written notice to the commissioner did not apply. While defendant apparently regarded the statute as applicable at the time and gave the notice as a preliminary to cancellation, it suggests that this fact should not operate adversely, since it had no knowledge that Martin's conviction had been reversed, until shortly before the present suit. It is not denied, however, that the policy was to be deemed and taken as evidence of Martin's financial responsibility in conformity with the statute.

Did, however, the subsequent reversal of the conviction free Martin from the operation of the statute *ab initio* or nullify the authority of the commissioner exercised thereunder? Evidently it did not. Section one states that "no appeal taken from the judgment of any court shall act as a stay to any action of the commissioner authorized by the provisions of this act." Since the policy in question was manifestly used in accordance with the requirement of the statute, with the intent that it should be subject to the provisions thereof, and its normal expiration would not have been until December, 1931, it follows that it could not have been canceled in any other way than as permitted by the act, so far as the public was concerned. This is precisely what the company did when it gave the commissioner notice that it would cancel the policy on April 16th, 1931, four days after the accident which gives rise to the present litigation. The policy appears, therefore, to have been subsisting and valid as to the public on the date of such accident.

Judgment may be entered in favor of plaintiff and against defendant for the sum of $324.64, together with interest and costs of suit.